IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division

**ED FRASHUER,**
**individually and on behalf of a class**
**of similarly situated persons,**

> ELECTRONICALLY
> FILED
> Jun 15 2021
> U.S. DISTRICT COURT
> Northern District of WV

     Plaintiff,

v.                                        Civil Action No. 2:21-CV-17 (Kleeh)

**ALTICE USA, INC.**
**D/B/A SUDDENLINK COMMUNICATIONS,**

     Defendant.

## CLASS ACTION COMPLAINT

1. Plaintiff Ed Frashuer brings this action individually and on behalf of all similarly situated persons, consisting of a class of all those for whom Defendant Altice USA, Inc. d/b/a Suddenlink Communications (Suddenlink) has improperly and unlawfully charged consumers a $1.00 per month collection fee in order for the consumers to receive a paper billing statement. Charging subscribers who lack internet access $12.00 per year to receive a paper bill preys upon those who do not have the means to access electronic bills or the practical understanding to navigate such technology. Mr. Frashuer, on his own behalf and on behalf of the class he represents (the Class), brings this action to force Suddenlink to remedy its unlawful conduct and to recover available damages, penalties, and other relief.

## JURISDICTION

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Moreover, the Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a majority of Plaintiffs are residents of this District and Division and a substantial part of Plaintiffs' claims occurred in West Virginia.

## PARTIES

4. <u>Plaintiff</u>: Ed Frashuer is a 67-year-old man who resides by himself in Buckhannon, Upshur County, West Virginia. Mr. Frashuer is a consumer who is afforded the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (WVCCPA), and he is entitled to the remedies set forth in Article 5 of the WVCCPA.

5. <u>Defendant</u>: Altice USA, Inc. (Altice) is a communications and media company located at 1 Court Square West, Long Island, New York, 11101. According to Altice's website, "Altice USA [] is one of the largest broadband communications and video services providers in the United States, delivering broadband, pay television, telephony services, proprietary content and advertising services to approximately 4.9 million Residential and Business customers across 21 states through its Optimum and Suddenlink brands." For purposes of this pleading, Defendant shall be referred to as "Suddenlink." Altice does business as Suddenlink. Suddenlink provides television cable, internet and telephone services in West Virginia, and Suddenlink is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c), within the State of West Virginia.

## STATEMENT OF CLASS ACTION FACTUAL ALLEGATIONS

6. The West Virginia Consumer Credit and Protection Act (WVCCPA), W. Va. Code § 46A-1-101 et seq., "is a remedial statute intended to protect consumers from unfair, illegal and deceptive business practices." <u>Fleet v. Webber Springs Owners Ass'n, Inc.</u>, 235 W. Va. 184, 192 (2015) (quoting <u>Harper v. Jackson Hewitt, Inc.</u>, 227 W.Va. 142, 151 (2010)).

7. The WVCCPA established a wide range of conduct that it deems illegal, fraudulent, unconscionable, unfair, or deceptive in consumer transactions, including conduct to prevent debt collectors from engaging in abusive tactics to collect debts.

8. The WVCCPA prohibits the practice of increasing the balance owed on accounts by adding a debt collector's fee or charge for services rendered, however labeled. See W. Va. Code § 46A-2-128(c).

9. Upon information and belief, up until 2016, Mr. Frashuer had Cablevision Systems Corporation and Cebridge Connections as his cable and telephone service providers.

10. In or around 2016, Altice acquired Cablevision Systems and Cebridge Connections, and rebranded as Suddenlink.

11. In February 2016, Suddenlink decided to charge customers like Mr. Frashuer and the putative Class a $1.00 fee for their receiving paper monthly billing statements over paperless billing, which Suddenlink implemented in or around July 2016.

12. Thus, Suddenlink began charging subscribers, including existing subscribers like Mr. Frashuer and the Class, a $12.00 yearly fee to receive paper bills, even though they had received paper bills free previously.

13. Suddenlink mailed monthly billing statements to Mr. Frashuer and the Class, all of whom are West Virginia consumers.

14. Suddenlink's monthly billing statements were its efforts to collect on a claim allegedly owed by its customers like Mr. Frashuer and the Class.

15. Suddenlink represented, on the monthly billing statement, that Mr. Frashuer and the Class would be charged an additional "Convenience Fee" of $1.00 for receiving a "Paper Bill."

16. This "Convenience Fee" was charged monthly to all consumers who received monthly paper billing statements as to opposed to feeless paperless statements, i.e., on an online portal.

17. Thus, Suddenlink customers who signed up for paperless billing do not incur the "Convenience Fee."

18. Mr. Frashuer and the Class do not have computer access or the savvy to navigate the technology to receive paperless statements.

19. Furthermore, Suddenlink's Residential Services Agreement provides that "Suddenlink may, in its sole discretion, change, modify, add or remove portions of this Agreement at any time."

20. Mr. Frashuer's and the class's monthly billing statement provide that payment of the bill confirms their acceptance of the Agreement. The Agreement outlines that "[t]he Customer's continued use of the applicable Service(s) following notice of such change, modification or amendment shall be deemed to be the Customer's acceptance of any such revision."

21. However, pursuant to section 46A-1-107 of the West Virginia Code, a "consumer may not waive or agree to forego rights or benefits" of the WVCCPA unless the WVCCPA expressly allows such a waiver. W. Va. Code § 46A-1-107.

22. Suddenlink's efforts to have Mr. Frashuer and the Class waive their protections of the WVCCPA is a deceptive and/or unconscionable debt collection action.

23. Because Suddenlink cannot add fees to support its collection efforts when it is not allowed to do so, Suddenlink falsely represented the extent of its claims against Mr. Frashuer and the class in violation of West Virginia Code § 46A-2-127.

24. The monthly "Convenience Fee" that Suddenlink charges to consumers who elect to receive paper monthly billing statements constitutes an unlawful debt collection fee or charge for services rendered, in violation of West Virginia Code § 46A-2-128(c).

25. The "Convenience Fee" is a collection fee in disguise to prey upon those who do not have internet access or do not have the desire to navigate the technology and an effort by Suddenlink to pad its profits.

**Defendant Suddenlink Ignores Mr. Frashuer's Request to Cure**

26. On September 5, 2020, in an attempt to ascertain precisely what is owed and to dispute the $1.00 "Convenience Fee," among others, by certified letter to Suddenlink, Mr. Frashuer requested a validation of his alleged debt and a request to Suddenlink to cure its errors of charging illegal debt collection charges.

27. On September 22, 2020, Suddenlink responded, but failed to rectify its illegal "Convenience Fee" debt collection charges.

**Defendant Suddenlink Waives Its Forum Rights**

28. On or around January 20, 2021, by certified mail, Plaintiff mailed another dispute letter to Suddenlink. Plaintiff requested a copy of the original written contract/agreement, any amendments, and a service charge listing, and further requested any information related to his agreement with Suddenlink's predecessor. Plaintiff also asked for any arbitration agreements that affected the parties' legal rights, and the date and manner they were provided to Plaintiff.

29. On February 2, 2021, Defendant Suddenlink received the request.

30. Defendant ignored Plaintiff's request.

31. Again, on April 16, 2021, by certified mail, Plaintiff requested much of the same information from Plaintiff's January 20, 2021 letter, including his request for Defendant to provide

any arbitration agreement or contract purportedly affecting Plaintiff's rights to pursue litigation. Plaintiff further advised that, if Defendant did not respond within 30 days, he understood Defendant's silence to be a waiver of any forum rights, including any purported right to compel arbitration.

32.     On or around May 1, 2021, Plaintiff received confirmation that Defendant received his April 16, 2021 letter.

33.     Defendant ignored Plaintiff's request, and to date, has never responded nor provided Plaintiff the parties' contract, agreement, or amendments.

**Damages**

34.     Not only has Suddenlink violated the WVCCPA by charging an illegal collection fee, but also Suddenlink has intentionally misrepresented that the fee was a convenience fee, when, in reality, it was an additional collection fee being charged.

35.     Mr. Frashuer and the Class bring this action to force Suddenlink to remedy its unlawful conduct and to recover available damages, penalties, and other relief.

### CLASS ACTION ALLEGATIONS

36.     Mr. Frashuer brings this action and asserts all claims on behalf of himself and other similarly situated individuals under Rule 23(b)(2) and Rule 23(b)(3) of the West Virginia Rules of Civil Procedure.

37.     The Class as presently defined is all persons residing in West Virginia who were billed by Suddenlink or paid to Suddenlink a monthly convenience fee of $1.00 to receive a paper billing statement within four years prior to the filing of this action.

38.     Individual joinder of all members of the Class is impracticable. Suddenlink has sent collection letters to thousands of consumers throughout West Virginia, each of which violates the

WVCCPA. The members of the Class are believed to be so numerous that joinder of all members is impracticable.

39. Suddenlink has branch locations in at least eight West Virginia locales: Beckley, Buckhannon, Charleston, Logan, Parkersburg, Point Pleasant, Princeton, and Scott Depot. Members of the Class are scattered across the geographic breadth of the state.

40. Additionally, Suddenlink continues to do business in West Virginia, and the Class therefore includes future members who cannot now be named and individually joined.

41. Determining shared questions concerning the legality of this common pattern of charging illegal collection fees in one proceeding will promote judicial economy and prevent Suddenlink from charging other consumers such convenience fees.

42. There are questions of fact and law common to members of the Class, including but not limited to questions of law and fact as to whether Suddenlink violated various provisions of the WVCCPA; Suddenlink's customary and routine practices in charging convenience fees; the justifications or reasons for its charging convenience fees; whether Mr. Frashuer and the Class have been injured by Suddenlink's conduct; whether Mr. Frashuer and the Class have sustained damages as a result of Suddenlink's wrongdoing and if so, the proper measure and formula to be applied to assess damages; and whether Mr. Frashuer and the Class are entitled to declaratory and/or injunctive relief.

43. Mr. Frashuer's claims are typical of those of Class members because he has been subjected to and injured by the same uniform course of conduct complained herein, which he challenges on behalf of the Class as a whole; and he has no interests adverse or antagonistic to the interest of other members of the Class.

44.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs of which they complain.

45.     Mr. Frashuer will fairly and adequately represent and protect the interests of the absent class members. Mr. Frashuer has a natural incentive to prove his own challenge to Suddenlink's pattern of illegal debt collection charges, and in doing so he will also prove the claims of the Class.

46.     Moreover, Mr. Frashuer is represented by Mountain State Justice, Inc., a non-profit public interest law firm with long and substantial expertise in class litigation on behalf of West Virginian consumers.

47.     Suddenlink has acted, and unless enjoined will continue to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class claims and the Class as a whole.

48.     Common questions predominate over individual questions affecting only the individual members of the Class, making a class action superior to other available methods for the fair and efficient adjudication of the controversy.

49.     Absent a class action, the Class will continue to suffer losses borne from Suddenlink's breaches of the Class's statutorily protected rights as well as monetary damages, thus allowing and enabling Suddenlink's conduct to proceed and Suddenlink to further enjoy the benefit of ill-gotten gains.

50. Specifically, all of the proposed Class members are in the same position, as their causes of action arise out of the same conduct, and each has the same interest in not being charged illegal debt collections fees, which Suddenlink continues to do.

51. Adjudication of the claims as a Class will promote consistent decisions amongst people with similar claims, and will promote judicial economy.

## CLAIMS FOR RELIEF

52. Mr. Frashuer incorporates all the preceding paragraphs by reference.

53. Suddenlink is a debt collector as defined by West Virginia Code § 46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c), within the State of West Virginia, and thus subject to the provisions of sections 46A-2-122 to 46A-2-129a of the West Virginia Code, regulating debt collection practices.

54. West Virginia law provides that "no debt collector shall use any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code § 46A-2-127.

55. A debt collector violates the law when it makes "[a]ny representation that an existing obligation of the consumer may be increased by the addition of . . . service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation." W. Va. Code § 46A-2-127(g).

56. West Virginia law forbids a debt collector from using unfair or unconscionable means to collect or attempt to collect any claims. W. Va. Code § 46A-2-128.

57. West Virginia law forbids a debt collector to "collect[] or attempt to collect from the consumer all or any part of the debt collector's fee or charge for services rendered." W. Va. Code § 46A-2-128(c).

58. West Virginia law prohibits debt collectors from "the collection of any fee incidental to principal obligation unless such . . . incidental fee, charge or expense is expressly authorized by the agreement creating or modifying the obligation and by statute or regulation." W. Va. Code § 46A-2-128(d).

59. Suddenlink willfully violated West Virginia law by using fraudulent, deceptive, or misleading representations or means to collect or attempt to collect or to obtain information concerning Mr. Frashuer and the Class, including, but not limited to (i) false representations or implications of the character, extent or amount of a claim against a consumer, in violation of West Virginia Code § 46A-2-127(d); (ii) adding a $1.00 Convenience Fee as a service fee to each monthly bill in violation of West Virginia Code § 46A-2-127(g); and (iii) deceiving consumers into waiving their WVCCPA protections in violation of West Virginia Code § 46A-2-127.

60. Suddenlink willfully violated West Virginia law by using unfair or unconscionable means to collect claims from Mr. Frashuer and the Class, including, but not limited to the following conduct: (i) collecting or attempting to collect a $1.00 Convenience Fee for paper monthly billing statements; and (ii) collecting a $1.00 Convenience Fee when it was not authorized to do so. See W. Va. Code § 46A-2-128(c), -(d).

61. By collecting or attempting collect a $1.00 Convenience Fee, Suddenlink engaged in unfair or deceptive acts or practices in the conduct of any trade or commerce, in violation of West Virginia Code § 46A-6-104.

**WHEREFORE**, Mr. Frashuer respectfully requests the following relief for himself and the absent members of the Class:

  (a) Actual damages and maximum civil penalties for each violation pursuant to sections 46A-5-101(1), -101(4), and -106 of the West Virginia Code, for the four years proceeding this litigation;

  (b) The Court enjoin the illegal practices of Suddenlink;

  (c) Reasonable attorney's fees and the cost of this litigation pursuant to section 46A-5-104 of the West Virginia Code; and

  (d) Such other relief the Court deems equitable and just.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

    **Respectfully Submitted,**
    **Plaintiff,**
    **ED FRASHUER,**
    **individually and on behalf of a**
    **class of similarly situated persons,**
    **By Counsel:**

/s/Michael Nissim-Sabat
Michael C. Nissim-Sabat (WV State Bar No. 12233)
Mountain State Justice, Inc.
1029 University Ave., Suite 101
Morgantown, West Virginia 26505
Telephone: (304) 326-0188
Facsimile: (304) 326-0189
Email: michael@msjlaw.org

Bren J. Pomponio (WV State Bar No. 7774)
Mountain State Justice, Inc.
1217 Quarrier Street
Charleston WV 25301
Phone: 304.344.3144
Fax:   304.344.3145
Email: bren@msjlaw.org

*Counsel for Plaintiff*