```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ED FRASHUER, individually
and on behalf of a class of
similarly situated persons,**

      **Plaintiff,**

   v.                                        **CIVIL NO. 2:21-CV-17
                                                              (KLEEH)**

**ALTICE USA, INC., d/b/a/
Suddenlink Communications,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO COMPEL ARBITRATION [ECF NO. 6]**

Pending before the Court is Defendant's motion to compel arbitration [ECF No. 6]. For the reasons discussed herein, the motion is **GRANTED**.

### I.  BACKGROUND

Plaintiff Ed Frashuer ("Plaintiff") brought this action against Defendant Altice USA, Inc., who does business as "Suddenlink" ("Defendant"). Plaintiff, who states that he does not have Internet access and subscribes only to Defendant's cable television and telephone services, asserts that Defendant has improperly and unlawfully charged consumers a $1.00 per month collection fee if they choose to receive paper billing statements instead of electronic statements. Plaintiff claims that Defendant has violated numerous provisions of the West Virginia Consumer

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO COMPEL ARBITRATION [ECF NO. 6]**

Credit and Protection Act.

After the Complaint was filed, Defendant filed a motion to compel individual, non-class arbitration [ECF No. 6] and then, in the alternative, a motion to dismiss [ECF No. 8]. Both are fully briefed and ripe for review. In addition, Defendant filed a motion to stay discovery pending ruling on the motions. It is also fully briefed and ripe for review. Plaintiff also filed two notices of supplemental authority [ECF Nos. 30, 31].

## II.  DISCUSSION

Defendant argues that this case must be submitted to arbitration because Plaintiff is party to a Residential Services Agreement (the "Agreement") containing an arbitration provision. In response, Plaintiff argues that there is no evidence that he agreed to arbitration. The Court disagrees with Plaintiff and discusses herein.

In the Fourth Circuit,

> a litigant can compel arbitration under the [Federal Arbitration Act] if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991).

**MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO COMPEL ARBITRATION [ECF NO. 6]**

Adkins v. Lab. Ready, Inc., 303 F.3d 496, 500-01 (4th Cir. 2002).

The first factor is satisfied here because there is a dispute between the parties, as evidenced by Plaintiff's Complaint.  See May v. Nationstar Mortg., LLC, No. 3:12-CV-43, 2012 WL 3028467, at *8 (N.D.W. Va. July 25, 2012).  The third factor is also satisfied because Plaintiff alleges that he is a citizen of West Virginia and that Defendant is a company based in New York, providing broadband communications and video services to customers in 21 states.  See Compl., ECF No. 1, at ¶ 5.  Finally, the fourth factor is satisfied because Plaintiff has refused to arbitrate, which, again, is evidenced by the filing of this lawsuit.  See May, 2012 WL 3028467, at *8.  At issue is the second factor: the validity of the written agreement that includes an arbitration provision which purports to cover the dispute.

Plaintiff's monthly billing statements explicitly provide, "Payment of your bill confirms your acceptance of the Residential Services Agreement, viewable at suddenlink.com/terms-policy." Felician Decl., ECF No. 6-2, at ¶ 3.  Once on the website, customers may view the Agreement by clicking on "Residential Services Agreement," which is the first link near the top of the website under "General Terms of Service."  Id. ¶ 6.

The Agreement includes the following:

**Binding Arbitration. Please read this section**

**carefully. It affects your rights.**

Any and all disputes arising between You and Suddenlink, including its respective parents, subsidiaries, affiliates, officers, directors, employees, agents, predecessors, and successors, shall be resolved by binding arbitration on an individual basis in accordance with this arbitration provision. This agreement to arbitrate is intended to be broadly interpreted. It includes, but is not limited to:

- Claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory;

- Claims that arose before this or any prior Agreement,

- Claims that may arise after the termination of this Agreement.

Id. ¶ 5. The arbitration provision further provides,

g. Waiver of Class and Representative Actions. YOU AGREE TO ARBITRATE YOUR DISPUTE AND TO DO SO ON AN INDIVIDUAL BASIS; CLASS, REPRESENTATIVE, AND PRIVATE ATTORNEY GENERAL ARBITRATIONS AND ACTIONS ARE NOT PERMITTED. You and Suddenlink agree that each party may bring claims against the other only in Your or its individual capacity and may not participate as a class member or serve as a named plaintiff in any purported class, representative, or private attorney general proceeding.

Id. Plaintiff never opted out of these provisions and he repeatedly paid his bills. Id. ¶¶ 7, 8.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO COMPEL ARBITRATION [ECF NO. 6]**

The arbitration provision in the Agreement clearly covers the instant dispute, as it applies to "[a]ny and all disputes arising between [Plaintiff] and Suddenlink . . . ." Id. ¶ 3. Further, the elements of a contract under West Virginia law are satisfied here with respect to the Agreement itself.[1] "In West Virginia, the fundamental elements of a legal contract are an offer and acceptance supported by consideration." Toney v. EQT Corp., No. 13-1101, 2014 WL 2681091, at *2 (W. Va. June 13, 2014) (unpublished) (citing Syl. Pt. 1, First Nat'l Bank of Gallipolis v. Marietta Mfg. Co., 153 S.E.2d 172 (W. Va. 1967)).

The Supreme Court of Appeals of West Virginia has found that an offer and acceptance can be established through terms and conditions referenced in a billing statement and made available on a website. See Citizens Telecomm. Co. of W. Va. v. Sheridan, 799 S.E.2d 144, 147 (W. Va. 2017). The court found that the telecommunications company defendant "presented its Terms and Conditions as a condition of providing Internet service to customers, and [the] customers accepted those Terms and Conditions by using and paying for that Internet service, forming a unilateral contract." Id. at 150. The same offer and acceptance took place here: Defendant offered its terms and conditions through its

---

[1] In assessing whether a valid contract exists, both parties have applied West Virginia law.

**MEMORANDUM OPINION AND ORDER GRANTING**
**MOTION TO COMPEL ARBITRATION [ECF NO. 6]**

billing statement and corresponding website, and Plaintiff accepted Defendant's terms and conditions by continuing to use and pay for Defendant's services. Consideration exists because Plaintiff agreed to pay money in exchange for Defendant's services. For these reasons, the Agreement is a valid, enforceable contract. Defendant has satisfied the second factor under Adkins.[2]

Plaintiff argues that Defendant "first attempted to modify the terms of service to include an arbitration agreement after Mr. Frashuer paid his October 2019 bill." Response, ECF No. 11, at 5. The assertion that the arbitration clause was a modification, however, is not supported by the record. The Court also finds no merit in Plaintiff's argument that Defendant waived its right to arbitrate by failing to respond to Plaintiff's pre-suit letter. See Parsons v. Halliburton Energy Servs., Inc., 785 S.E.2d 844, 850 (W. Va. 2016) (requiring the party against whom waiver is sought to have "intentionally relinquished a known right").

Finally, the Court is not persuaded by Plaintiff's argument that he never agreed to Defendant's terms and conditions because he had "no ability to view" the Agreement. See Response, ECF No. 11, at 6–7. Plaintiff's lack of Internet access in his home does

---

[2] Because the Court has found that the arbitration provision in the Agreement is enforceable via the billing statements, the Court will not address Defendant's argument that Plaintiff also assented to the Agreement via a work order.

not excuse him from inquiring into the terms of an offer he repeatedly accepted by paying his bills and receiving telephone and cable services.

### III. CONCLUSION

For the reasons discussed above, the motion to compel arbitration is **GRANTED** [ECF No. 6]. In light of this ruling, Defendant's motion to dismiss [ECF No. 8] and motion to stay discovery [ECF No. 23] are **DENIED AS MOOT**. The parties shall participate in individual, non-class arbitration. This action is **STAYED** pending arbitration of this matter. The parties are **DIRECTED** to submit a filing with the Court when arbitration is complete.

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: January 17, 2023

*[signature: Tom S Kleeh]*

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA