IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ED FRASHUER, individually
and on behalf of a class of
similarly situated persons,**

      **Plaintiff,**

**v.**                                             **CIVIL ACTION NO. 2:21-CV-17**
                                                                      **(Kleeh)**

**ALTICE USA, INC., d/b/a
Suddenlink Communications,**

      **Defendant.**

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S
MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL
ARBITRATION [ECF NO. 33]**

On January 17, 2023, the Court entered its *Memorandum Opinion and Order Granting Motion to Compel Arbitration* [ECF No. 32], which directed the parties to engage in individual, non-class arbitration and stayed the action pending the arbitration. Pending before the Court is Plaintiff Ed Frashuer's ("Plaintiff") *Motion to Reconsider the Court's Memorandum Opinion and Order Granting Motion to Compel Arbitration* [ECF No. 33]. On March 21, 2023, Defendant, Altice USA, INC., d/b/a Suddenlink Communications ("Defendant" or "Suddenlink"), filed *Defendant Altice USA, Inc.'s Response in Opposition to Plaintiff's Motion to Reconsider the Court's Memorandum and Order Granting Motion to Compel Arbitration*. ECF No. 35. Thereafter on March 28, 2023, Plaintiff filed *Plaintiff's Reply in Support of Plaintiff's Motion to*

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

*Reconsider the Court's Memorandum Opinion and Order Granting Motion to Compel Arbitration.* ECF No. 36. On April 1, 2025, Defendant filed *Defendant Altice USA, Inc.'s Notice of Supplemental Authority.* ECF No. 37.

Plaintiff's *Motion to Reconsider the Court's Memorandum Opinion and Order Granting Motion to Compel Arbitration* [ECF No. 33] is fully briefed and ripe for decision. For the reasons that follow, the motion is **DENIED**.

## I. INTRODUCTION

The procedural and factual background of this cause of action were discussed in the Court's January 17, 2023, *Memorandum Opinion and Order Granting Motion to Compel Arbitration* [ECF No. 32] and will not be reposited here. In the January 17, 2023, Memorandum Opinion and Order, the Court granted Altice USA, Inc.'s ("Defendant") *Motion to Compel Individual, Non-Class Arbitration and Stay to Pending Completion of Arbitration Proceedings*, [ECF No. 6] finding that Plaintiff is a party to a Residential Services Agreement containing an arbitration provision and thus agreed to arbitration. ECF No. 32.

Plaintiff now seeks reconsideration on the Court's ruling, which granted Suddenlink's motion to compel arbitration. ECF No. 33-1. Plaintiff argues that the Court erred in compelling

2

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

arbitration and misapplied Citizens Telecommunications Company of West Virginia v. Sheridan, 799 S.E.2d 144 (W. Va. 2017). Id.

## II.  LEGAL STANDARD

Plaintiff brings his Motion pursuant to Rule 54 of the Federal Rules of Civil Procedure. Rule 54(b) of the Federal Rules of Civil Procedure governs motions for reconsideration of orders that do not constitute final judgments in a case. See Fayetteville Invs. v. Com. Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991). Specifically, Rule 54(b) states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Pursuant to this rule, a court may reconsider an interlocutory order such as this one "at any time prior to the entry of a final judgment." Fayetteville, 936 F.2d at 1469. While it remains unclear the standard by which the district court must exercise its discretion, the Fourth Circuit has made clear Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n, Inc. v.

3

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003) (identifying the difference between motions for reconsideration of final judgments, governed by Rules 59(e) and 60(b), and those that seek reconsideration of interlocutory orders, which are subject to a more lenient standard for revision under Rule 54(b)). Accordingly, "a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted. . . Said power is committed to the discretion of the district court." Id. at 514-15.

Notwithstanding this otherwise broad discretion to reconsider interlocutory orders, such discretion is "narrowed in the context of motions to reconsider issues going to the court's Article III subject matter jurisdiction." Id. at 515. Moreover, a district court's earlier decisions become "law of the case" and, absent an exception, must be followed. Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988). Thus, a court "may depart from the law of the case" only if there is: (1) "a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017) (cleaned up). In other words, Rule 54(b) motions "should not be used to rehash arguments the court has already considered" or "to

4

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

raise new arguments or evidence that could have been raised previously." South Carolina v. United States, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).

### III. DISCUSSION

The Court's decision on Defendant's Motion to Compel Arbitration [ECF No. 6] "did not resolve all claims against all parties, was interlocutory and thus subject to revision at any time []" under Rule 54(b). Saint Annes Dev., Co., Inc. v. Trabich, 443 F. App'x 829, 832 (4th Cir. 2011). Accordingly, where, such as here, a party moves the Court to revise an interlocutory order, they must demonstrate: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice. Carlson, 856 F.3d at 325. Plaintiff does not point to a subsequent trial producing substantially different evidence or any change in applicable law. Plaintiff instead places reliance upon a claimed clear error causing manifest injustice.

**A.   The Court Did Not Err By Compelling Arbitration.**

Plaintiff first argues that the Court erred in relying on Citizens Telecommunications Company of West Virginia v. Sheridan, 799 S.E.2d 144, 147 (W. Va. 2017), due to the difference in facts here. ECF No. 33-1. Plaintiff contends that he is distinct from

5

Case 2:21-cv-00017-TSK   Document 38   Filed 07/02/25   Page 6 of 8  PageID #: 393

Frashuer v. Altice USA, Inc.                                    2:21-CV-17

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

the Plaintiffs in Sheridan because he does not pay for Internet service and thus could not view the agreement or have reasonable notice of the agreement online. Id. As mentioned in the Court's Memorandum Opinion and Order, "Plaintiff's lack of Internet access in his home does not excuse him from inquiring into the terms of an offer he repeatedly accepted by paying his bills and receiving telephone and cable services." ECF No. 32. Further, as noted by Defendant, Plaintiff has failed to produce evidence that he is without access to the Internet. ECF No. 35. Thus, Plaintiff fails to establish that there was clear error in the Court's application of Sheridan despite the claimed factual differences or that such distinction caused him to suffer manifest injustice.

Plaintiff primarily relies upon the Southern District of West Virginia's decision in Gooch v. Cebridge Acquisition LLC, which found that Suddenlink's providing its agreement and arbitration terms online alone did not provide reasonable notice to its customers. No. 2:22-cv-00184, 2023 WL 415984 (S.D. W. Va. Jan 25, 2023). In Gooch, the court denied Suddenlink's motion to compel arbitration finding the arbitration agreement to be unconscionable and unenforceable. Id. However, this Southern District of West Virginia case is no longer good law.

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

As mentioned in Defendant's *Notice of Supplemental Authority* [ECF No. 37], on March 27th, 2025, the Fourth Circuit reversed the court's order in Gooch and remanded it with instructions to compel arbitration. Meadows v. Cebridge Acquisition, LLC, 132 F.4th 716, 734 (4th Cir. 2025). In Meadows, the Fourth Circuit found that Suddenlink's arbitration agreement was valid and enforceable and that the district court erred in denying the motion to compel arbitration. Id. The court further held that "Suddenlink's practice of having its customers review and consent to the arbitration agreement during service installation is not unconscionable," — citing favorably the subject Memorandum Opinion and Order [ECF No. 32]. Id. at 731 n.6. Thus, Plaintiff's argument that the Court clearly erred in its application of the law fails in light of binding Fourth Circuit precedent.

In sum, Plaintiff has failed to demonstrate a clear error of law causing manifest injustice. The Court therefore concludes that Plaintiff has failed to establish grounds for reconsideration under Rule 54.

### IV. CONCLUSION

Here, Plaintiff has not demonstrated that there is an intervening change in controlling law, has not raised any new evidence that was previously unavailable, has not adequately

7

**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION [ECF NO. 33]**

pointed to any clear error of law, and has not demonstrated that he would suffer manifest injustice as a result of the Court's *Memorandum Opinion and Order Granting Motion to Compel Arbitration* [ECF No. 32]. Accordingly, Plaintiff has not met his burden, and thus, his Motion for Reconsideration is **DENIED** [ECF No. 33].

This action is thus **DISMISSED** without prejudice pending arbitration and **STRICKEN** from the Court's active docket.[1]

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** July 2, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

---

[1] "[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable." Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001); Simmons v. TA Operating, LLC, 2023 WL 2759771, at *6 (S.D.W. Va. Mar. 31, 2023).